UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REIKO SUGAI-FERNANDEZ        :

VS.                          :

                             :        October 28, 2013

SOUTHERN CONNECTICUT PIZZA, INC.,
SAMANTHA STEBBINS, JILL STEBBINS
and DOMINO'S PIZZA, LLC      :

## COMPLAINT

### Introduction

This is a personal injury action seeking economic and non-economic damages on the basis of the Defendant Samantha Stebbins' negligence in connection with a motor vehicle collision which occurred on December 22, 2011 in Mansfield, Connecticut. At that time, the Defendant, Samantha Stebbins, was operating a motor vehicle owned by her mother, Defendant, Jill Stebbins, and was in the process of delivering pizzas for Southern Connecticut Pizza, Inc. d/b/a Domino's Pizza. On the night in question, the vehicle, being operated by the Defendant, Samantha Stebbins, crashed heavily into a vehicle being operated by Erin O'Neil propelling the O'Neil vehicle through an intersection and crashing into a Connecticut State Police vehicle being operated by Trooper Joseph Strogoff. The Plaintiff Reiko Sugai-Fernandez was a rear seat passenger in the O'Neil vehicle and the force of the impact caused her to lose consciousness. As a result of the incident, the Plaintiff suffered a severe traumatic brain injury and other injuries which have resulted in permanent deficits.

1

## The Parties

1. At this time, the Plaintiff, Reiko Sugai-Fernandez, is a resident of New York City, New York.

2. At all times relevant herein, the Defendant, Southern Connecticut Pizza, Inc., was a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 1244 Storrs Road, Storrs, Connecticut 06268.

3. At all times relevant herein, the Defendants, Samantha Stebbins and Jill Stebbins, were residents of Coventry, Connecticut.

4. At all times relevant herein, the Defendant, Dominos Pizza, LLC, was a limited liability company organized and existing under the laws of the State of Michigan with its principal place of business located at 30 Frank Lloyd Wright Drive, Ann Arbor, Michigan 48106.

## Jurisdiction and Venue

5. The diversity jurisdiction of this Court is invoked pursuant 28 U.S.C. §§ 1332(a). The amount in controversy exceeds $75,000.

## Facts

6. On December 22, 2011 at approximately 6:24 p.m., the Plaintiff, Reiko Sugai-Fernandez, was a rear seat passenger in a motor vehicle being operated by her friend, Erin O'Neil (hereafter "O'Neil").

7. At that time and place, the vehicle being operated by O'Neil was stopped facing west waiting to make a left turn on South Eagleville Road, a public highway in Mansfield, Connecticut.

8. At that time and place, the vehicle being operated by the Defendant, Samantha Stebbins (hereafter "Stebbins"), was following the vehicle being operated by O'Neil, also in a westerly direction on South Eagleville Road.

9. At that time and place, the vehicle being operated by Defendant Stebbins crashed heavily into the rear of the O'Neil vehicle propelling the O'Neil vehicle through the intersection of Eagleville Road and the entrance to an apartment complex crashing heavily into the State Police cruiser being operated by Connecticut State Trooper Robert Strogoff.

10. As a result of the foregoing collisions, the O'Neil vehicle sustained heavy damage to the front end and rear end.

11. As a further result of the foregoing collisions and impact, the Plaintiff was thrown about the interior of the vehicle and sustained a loss of consciousness.

12. The Plaintiff was transported by ambulance from the scene of the collision to Manchester Hospital where she received emergent care and was diagnosed with a brain injury.

13. Thereafter, she was transported by Lifestar to Hartford Hospital where she was admitted to the trauma service and underwent a hemicraniotomy.

14. In connection with her initial brain surgery, a portion of the Plaintiff's skull was removed, preserved, and reattached during a surgery on February 2, 2012.

15. As a further result of the foregoing collisions, the Plaintiff sustained the following painful, serious, and severe injuries, some or all of which may be permanent in nature:

    a. Severe traumatic brain injury;

    b. A subdural hematoma with midline shift;

    c. Intracranial hypertension;

    d. Cognitive deficits;

    e. Cervical sprain;

    f. Injury to endocrine system;

    g. Multiple abrasions;

    h. Swelling in the area of her coccyx;

    i. Emotional distress; and

    j. Pain and suffering.

16. As a further result of the foregoing collisions, the Plaintiff suffered a fear of future disability to her brain and endocrine system.

17. As a further result of the foregoing collisions, the Plaintiff experienced a loss of time in college.

18. As a further result of the foregoing collisions, the Plaintiff incurred significant expenses for doctors, hospitals and other medical care, plus medication necessary to her recovery, all to her financial loss.

19. As a further result of the foregoing collisions, the Plaintiff has suffered a loss of enjoyment of life's leisure activities.

20.     As a further result of the foregoing collisions, the Plaintiff has suffered a loss of earning capacity, all to her financial loss.

**FIRST COUNT:  (Negligence vs. Samantha Stebbins)**

21.     The Plaintiff's injuries, damages and losses were caused by the negligence and carelessness of the Defendant, Samantha Stebbins, in one or more of the following respects:

    a. She was following the O'Neil vehicle more closely than was reasonable in violation of C.G.S. § 14-240(a);

    b. She was operating her motor vehicle while using her mobile telephone either for conversation or reading a text in violation of C.G.S. § 14-296aa;

    c. She failed to keep a proper lookout;

    d. She failed to maintain proper control of her vehicle at all times; and

    e. She failed to apply her brakes adequately to avoid the collision.

**SECOND COUNT:  (Family Car Doctrine vs. Jill Stebbins)**

22.     At all times relevant herein, the Defendant, Samantha Stebbins, was operating a motor vehicle owned and maintained by her mother, Jill Stebbins, as a family car and with general permission to do so.

**THIRD COUNT:  (Vicarious Liability Southern Connecticut Pizza, Inc.)**

23.     At all times relevant herein, the Defendant, Samantha Stebbins, was the employee of the Defendant, Southern Connecticut Pizza, Inc. and was engaged in the course of her employment by Defendant, Southern Connecticut Pizza, Inc.

**FOURTH COUNT:  (Agency – Vicarious Liability vs. Domino's Pizza, LLC)**

24. At all times relevant herein, the Defendant, Domino's Pizza, LLC ("Domino's"), was the franchisor of the Domino's franchise owned and operated by the Defendant, Southern Connecticut Pizza, Inc. that employed the Defendant Stebbins.

25. The terms and conditions of the franchise agreement between the Defendant, Domino's and Defendant, Southern Connecticut Pizza, Inc., required Southern Connecticut Pizza, Inc. to operate its franchise consistent with Domino's requirements for standards including standards for accepting customer orders, delivery service and customer satisfaction.

26. The Defendant Domino's also issued a guarantee to all customers, including the customers of Defendant, Southern Connecticut Pizza, Inc., that "if you [the customer] are not completely satisfied with your Domino's Pizza experience, we will make it right or refund your money."

27. As a result of the imposition of its standards of operation including taking orders, delivery service, and its customer guarantee, the Defendant Domino's placed a premium on preparation of its products as well as the timeliness of delivery.

28. The foregoing practices encouraged the drivers for Domino's franchisees to quickly deliver food, in order to fulfill the guarantee imposed by Defendant Domino's.

29. As a result of the imposition of Domino's corporate policies, including its corporate based website for ordering "on line", its imposition of a delivery charge that excluded "tip" compensation for its drivers, and its money back guarantee, the Defendant Domino's exercised control over the delivery services of its franchisees and

the franchisee's drivers, including the Defendants Southern Connecticut Pizza, Inc. and Defendant Stebbins.

30.     At all times relevant herein, the Defendant Stebbins was an agent, servant or employee of Defendant Domino's.

WHEREFORE, the Plaintiff claims the following relief:

1. Compensatory Damages;
2. Costs.

THE PLAINTIFF

By: _____

Stewart M. Casper, Esq
Fed Bar # CT04348
Casper & de Toledo LLC
1458 Bedford Street
Stamford, CT  06905
Tel. No.: (203) 325-8600
scasper@cadetlaw.com